[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT JORGE A. AMADOR'SMOTION TO STRIKE COUNTS 1, 2, 3, 5 OF THE COMPLAINT
This action arises out of an alleged breach of an agreement for professional accounting services between Plaintiff Joseph I. Lozada, and Defendants Jorge A. Amador and The Connecticut Small Business Development Center. The First Count of the Complaint states that Defendant Amador provided a poorly written business plan after several months of delay, which resulted in the Plaintiff having to prepare his own, entirely new business plan. Consequently, Plaintiff states that his plans to open a convenience store were adversely affected in that his investors had "lost interest and CT Page 7385 confidence" and "it is unclear whether the space [for the store] will still be allotted to the Plaintiff."
The Plaintiff alleges in the First Count that the "delay" has resulted in a loss of twelve months of income, as well as an indeterminable amount of damages appropriate for a new business venture with a lost opportunity that cannot be retrieved. The Second Count alleges negligent service. The Third Count alleges that this same delay has resulted in serious emotional distress and a deleterious effect on his personal reputation. The Fifth Count charges Defendants with a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b, et seq.
Defendant Amodor seeks to strike Paragraphs 20 and 21 of the first count. Paragraph 20 states that the delay caused by defendant has resulted in a loss of twelve months of income. In Paragraph 21 plaintiff claims damages "in an amount appropriate for a new business venture with a lost opportunity that cannot be retrieved due to defendants' negligence." The court agrees that the claim for damages is two speculative. The court can see no basis for awarding damages for lost income from an entirely new business. There would be no financial records to demonstrate income from the store, and no assurances that such a new business would have generated any income in its first year of operation.
Defendant seeks to strike count 2 of the complaint because he claims the plaintiff has failed to allege that he has suffered actual injury. The court does not agree. He has alleged negligence, and claims damages as a result. He may have incurred some expenses, at least in the past, as a result of that negligence.
Defendant seeks to strike count 3 which alleges emotional distress.
"Damages for emotional distress are only recovered when `the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm.'" Kildeff v. Adams, Inc., 219 Conn. 314, 326, quoting Montineri v. Southern New England Telephone Co.,175 Conn. 337, 345. The plaintiff has failed to allege the elements required for emotional distress. CT Page 7386
Defendant seeks to strike count 5 which alleges a violation of CUTPA. The plaintiff has failed to demonstrate that defendant has committed a violation of CUTPA. The allegations do not fit the Cigarette Rule as set forth inA. G. Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,215. Plaintiff does not allege facts which could be deemed immoral, unethical, oppressive, or unscrupulous. Nor does he allege facts which would cause substantial injury to consumers. Nor would the facts as alleged offend public policy.
The motion to strike is granted as to paragraphs 20 and 21 of the first count, count 3 and count 5. The motion to strike is denied as to count 2.
Frances Allen State Trial Referee